Anthony J. WOODS, Plaintiff–
Appellant

v.

LOUISIANA STATE UNIVERSITY
HEALTH SCIENCE CENTER AND
MEDICAL CENTER OF LOUISIANA
AT NEW ORLEANS, in its official
capacity, erroneously named as Loui-
siana State University Health Center–
New Orleans; Walter Radosta, in his
capacity as Facility Maintenance
Manager and personally; Michael
Braud, in his capacity as Interim
Maintenance Foreman and personal-
ly; Roxanne A. Townsend, Medical
Doctor, in her personal capacity; Deb-
orah Bartholomew, in her personal
capacity; Phillip Kennedy, in his per-
sonal capacity; Adler Voltaire; James
E. Ford; Louisiana State University
and Agricultural and Mechanical Col-
lege; Board of Supervisors for Louisi-
ana State University and Agricultural
and Mechanical College, Defendants–
Appellees.

No. 12–30212
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 2012.

Deidre Katrina Peterson, Peterson Law
Firm, New Orleans, LA, for Plaintiff–Ap-
pellant.

Holly Clement Hargrove, Esq., Assis-
tant Attorney General, Louisiana Depart-
ment of Justice, Shreveport, LA, for De-
fendants–Appellees.

Before DAVIS, JONES and DENNIS,
Circuit Judges.

PER CURIAM: *

Appellant Anthony Woods sued his for-
mer employer, Appellee Louisiana State
University Health Science Center
("LSUHSC"), and various officials of
LSUHSC, after being fired. The com-
plaint alleged civil rights violations under
42 U.S.C. §§ 1983, 1985 and 1986, as well
as Louisiana Civil Code article 2315.
Finding no genuine issue of material fact,
the district court granted LSUHSC's mo-
tion for summary judgment and dismissed
Woods's suit with prejudice. There being
no reason to alter the sound reasoning of
the court below, we AFFIRM.

To begin, Appellant's woefully inade-
quate briefing fails to establish any genu-
ine issue of material fact regarding his
termination from LSUHSC: this court
cannot rule merely on conclusory allega-
tions. But even if we overlook this defi-
ciency, we agree with the district court's
conclusion that no civil rights violation
took place. Further, the record shows
that the proffered "new evidence" in this
case was both available and apparent prior
to the district court's summary judgment
ruling; Appellant's primary argument is
thus precluded. *See, e.g., Gov't Fin. Servs.
One Ltd. P'ship v. Peyton Place, Inc.*, 62
F.3d 767 (5th Cir.1995). Not only was the
new evidence not brought to the attention

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the district court prior to appeal, *it's not new.*

**AFFIRMED.**

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.